UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER Q. PETTEWAY | No. 3:23-cr-00008 (SRU) |

### ORDER

On January 17, 2023, Defendant Christopher Q. Petteway ("Petteway"), proceeding *pro se*, filed a notice of removal ("Notice") seeking to have his state criminal proceedings, docket number KNL-CR18-0342995-T in the Connecticut Superior Court, removed to this Court. *See* Not. of Removal, Doc. No. 1.

This Court has examined the Notice as required by 28 U.S.C. § 1455(b)(4). For the following reasons, the Court *sua sponte* determines that removal is inappropriate and respectfully directs the Clerk of Court to remand this action back to the Connecticut Superior Court.

**I.   DISCUSSION**

Only a limited number of state criminal proceedings are removable to federal court. *See* 28 U.S.C. §§ 1442, 1442a, 1443. Mr. Petteway has failed to cite any statutes applicable to such circumstances and has failed to allege facts demonstrating that his state criminal proceeding fits into the narrow exceptions permitted by those statutes.

Sections 1442 and 1442a generally apply to state prosecutions of federal officers or military personnel for acts done under the color of law. *See New York v. Best*, 2023 WL 198736, at *1 (E.D.N.Y. Jan. 17, 2023). Likewise, removal under Section 1443(2) is available only to federal officers, state officers, and in some cases local and municipal officers. 28 U.S.C. § 1443(2); *see also Connecticut v. Marshall*, 2015 WL 4723015, at *1 (D. Conn. Aug. 10, 2015).

Mr. Petteway does not suggest that he is a federal officer, a member of the armed forces, or a person acting under an officer of the federal or state government; thus, leaving Section 1443(1) as the only potential basis for removal.

Section 1443(1) permits a defendant in a state court criminal prosecution to remove the proceeding to federal district court if the removing defendant is a "person who is denied or cannot enforce" in the state courts "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Interpreting that statute, the Supreme Court held that Section 1443(1) allows for removal only where a defendant's prosecution under a state statute would have the effect of denying racial equality rights granted specifically by federal law. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [Section 1443(1)] applies only to removals based on claims of racial discrimination."); *New York v. Smith*, 2011 WL 2470065, at *2 (E.D.N.Y. June 17, 2011) (For removal petitions under Section 1443(1), "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.") (quoting *Johnson*, 421 U.S. at 219).

Again, Mr. Petteway has not alleged any facts that would support a finding that his state court proceedings are eligible for removal. Simply put, Mr. Petteway does not allege his state prosecution implicates any federal statute specifically providing rights to racial equality. Instead, Mr. Petteway's removal complaint is predicated on perceived ineffective assistance of counsel in state court. Because that is not a basis for removal under the very limited provision of Section 1443(1), removal is improper.

Moreover, Mr. Petteway's petition is also procedurally defective. Section 1455 lays out the procedural requirements governing notices of removal under Section 1441(1) and provides that any such notices "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant … leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

A review of the docket in the underlying state criminal proceeding[1] reveals that Mr. Petteway was arraigned on or about October 4, 2018.[2] Although Mr. Petteway's case has not gone to trial, the deadline in Section 1455 is the *earlier* of thirty days after arraignment or prior to trial. Mr. Petteway's Notice was filed in January 2023, over four years beyond the expiration of the 30-day window following his arraignment. Under such circumstances, and in the absence of good cause, remand is appropriate. 28 U.S.C. § 1455(b)(1).

## II.     CONCLUSION

For the foregoing reasons, the Court concludes that this matter was not properly or timely removed. The case is hereby remanded to the Superior Court for the Judicial District of New London pursuant to 28 U.S.C. § 1455(b)(4).

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of January 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[1]     Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet in the underlying case. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice").

[2]     *See State of Connecticut v. Petteway*, Docket No. KNL-CR18-0342995-T (Conn. Super. Ct. Oct. 4, 2018), STATE OF CONNECTICUT JUDICIAL BRANCH, https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Pend (last visited Jan. 26, 2023).