UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER Q. PETTEWAY | No. 3:23-cr-00008 (SRU) |

### ORDER

On January 17, 2023, Defendant Christopher Q. Petteway ("Petteway"), proceeding *pro se*, filed a notice of removal ("Notice") seeking to have his state criminal proceedings, docket number KNL-CR18-0342995-T in the Connecticut Superior Court, removed to this Court. *See* Not. of Removal, Doc. No. 1. Having examined the Notice, I *sua sponte* determined that removal was inappropriate and remanded the case back to the Connecticut Superior Court. Order, Doc. No. 4. In reaching that holding, I held that the Notice was both substantively and procedurally defective. *Id.* Substantively, the Notice failed to allege any facts about how Mr. Petteway's state prosecution would violate racial equality rights granted by federal law. Procedurally, Mr. Petteway failed to timely file the Notice and did not show good cause for the delay. Since that Order, Mr. Petteway has filed two motions; the first: a motion for immediate relief and immediate transfer to a federal correctional facility, doc. no. 6; and the second: a motion for transfer to the federal district court; doc. no. 9. In addition, Mr. Petteway has filed several notices detailing, *inter alia*, perceived inequality and unfairness occurring in the state court proceedings. *See* Doc. Nos. 8–13. After reviewing those additional filings, I reach the same holding as before: this Court is without removal jurisdiction. Thus, Mr. Petteway's motions must be **denied**.

I.  **DISCUSSION**[1]

To remove a case pursuant to 28 U.S.C. § 1443 a defendant must satisfy a two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality. *Id.* Second, it must appear that the criminal defendant cannot enforce his federal civil rights in his state court criminal proceedings. *Id.*

Mr. Petteway has not satisfied the first prong of the *Johnson* test. Although Mr. Petteway makes generalized allegations that his civil and constitutional rights were or will be violated, he is not seeking to vindicate a civil right under a specific federal statue stated in terms of racial equality. Section 1443 does "not apply to the whole gamut of constitutional rights." *Grohs v. Grohs*, 2017 WL 4678182, at *3 (D. Conn. Oct. 17, 2017) (quoting *New York v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965)) (cleaned up). Rather, it applies in cases where the civil rights law that the criminal defendant seeks to enforce is stated in terms of racial equality. Therefore, general sources of equal rights, like the Fourteenth Amendment's Due Process Clause, are not sufficient to support removal under section 1443(1) "because the guarantees of [that clause] are phrased in terms of general application available to all persons or citizens." *Grohs*, 2017 WL 4678182, at *3 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

Liberally construed, Mr. Petteway's allegations only raise complaints of generally applicable constitutional rights, such as perceived flaws with the voir dire process, violations of attorney-client privilege, and ineffective assistance of counsel. It is true that Mr. Petteway alleges

---

[1] This discussion focuses only on the substantive defects of Mr. Petteway's Notice (and subsequent filings). Previously, I held that the Notice was also procedurally deficient because it was untimely filed. *See* Order, Doc. No. 4. In Mr. Petteway's subsequent filings, he attributes the delay to his counsel failing to file the Notice on his behalf. I need not decide whether Mr. Petteway's explanation constitutes as good cause because he has not met the substantive requirements for removal under 28 U.S.C. § 1443.

that he has been subject to racial discrimination during his state prosecution.[2] As *Johnson* instructs, however, the question for purposes of removal is not whether Mr. Petteway experienced race discrimination. The question is whether Mr. Petteway seeks to, but cannot, vindicate a civil rights statute that sounds in racial equity. He does not. Thus, the first element has not been satisfied. *See, e.g., Connecticut v. Hull*, 2018 WL 460977, at *2 (D. Conn. Jan. 17, 2018) ("Removal has … been found substantively defective where a notice of removal did not reference any civil rights law providing for racial equality and petitioner generally alleges Fifth and Sixth Amendment violations.").

Likewise, Mr. Petteway has not satisfied the second prong. The second prong requires that a defendant show he is being denied a federal right because of an expression of state law. *See Johnson*, 421 U.S. at 219. Removal is proper under section 1443(1), for example, where a defendant is charged under a state trespass statute for refusing "to leave facilities of public accommodation, when ordered to do so solely for racial reasons." *Rachel*, 384 U.S. at 805. In that situation, "the mere pendency of the prosecution[ ] enables the federal court to make the clear prediction that the defendant[ ] will be 'denied or cannot enforce in the courts of (the) State' the right to be free of any 'attempt to punish' them for protected activity." *Id.* (quoting *Hamm v. City of Rock Hill*, 379 U.S. 306 (1964)). No such facts are alleged here. Mr. Petteway does not identify any Connecticut state law or constitutional provision that commands state courts to ignore federal statutory or constitutional law. As a result, Mr. Petteway's claims do not assert that he was denied a federal right *because of* the expression of any state law. *See Savvy*

---

[2] Admittedly, Mr. Petteway's handwritten filings are not always clear. From what I can decipher, he only substantively discusses racial discrimination in the context of the voir dire process. Specifically, he alleges that during voir dire, his attorney stated to potential jurors that Mr. Petteway's prosecution presented a racial issue because Mr. Petteway is African-American and the alleged victim was white. Doc. No. 6, at 12. By making that statement, Mr. Petteway maintains that his counsel deprived him of the right to a fair and impartial jury. *Id.*

*Ventures, LLC v. Robinson*, 2022 WL 4351961, at *1 (E.D. Tex. Sept. 19, 2022) ("The civil rights removal statute provides for removal where a statutory scheme will deny a federal right if the case remains in state court….").

Taken together, Mr. Petteway has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal case to this Court. That said, Mr. Petteway is not without recourse. If Mr. Petteway believes that the state courts have otherwise neglected his rights under state or federal law, he may, and should, redress those rights through the state appellate process.

## II.     CONCLUSION

For the foregoing reasons, Mr. Petteway's motion for immediate relief and immediate transfer to a federal correctional facility, doc. no. 6, and motion for transfer to the federal district court, doc. no. 9, are **denied** without prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of May 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge